IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAI NGUYEN,

Plaintiff, No. CIV S-03-2635 FCD PAN P

vs.

SACRAMENTO COUNTY, et al.,

Defendants. FINDINGS & RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated during a period of incarceration at the Sacramento County Jail by use of improper interrogation tactics, involuntary mental health treatment, and inadequate medical care. This matter is before the court on defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b). Defendants contend that this court lacks jurisdiction over the action due to the pendency of an identical action filed by plaintiff earlier in state court. Defendants also contend plaintiff's claims are time-barred.

The action at bar is predicated on a series of events that plaintiff alleges occurred between December 1999 and December 2000 while plaintiff was a pretrial detainee at the Sacramento County Jail. (Second Amended Complaint, filed May 31, 2005, at 6.) In the first series of allegations, plaintiff contends that beginning on January 26, 2000, sheriff's deputies

used an intercom in plaintiff's cell to "threaten, intimidate, and interrogate him regarding his criminal case." (Id. at 6.) The harassment continued through August 2000. (Id. at 7.) During a February 2000 appearance in state court, the state court judge referred to illegal recording made by sheriff's deputies but took no steps to stop the illegal conduct. (Id. at 7.) Plaintiff's second series of allegations involve alleged involuntary confinement in a psychiatric unit at the jail. (Id. at 8.) The third series of allegations involve alleged "misuse of force" to administer involuntary medication to plaintiff. (Id. at 9.) Fourth, plaintiff alleges inadequate medical care through improper administration of prescribed medication, leading to an overdose by plaintiff. (Id. at 10-11.) Finally, plaintiff claims that he was denied proper medical care after the alleged overdose. (Id. at 11-12.)

In support of their motion to dismiss, defendants present a complaint filed by plaintiff in the Sacramento County Superior Court on or about May 22, 2003. (Exhibit B to Defendants' Motion to Dismiss, filed December 19, 2005.) In that complaint, plaintiff raises a claim that is virtually identical to the first claim contained in the instant action. (Id. at 1.) The only difference is that in the state court complaint plaintiff alleges that the improper harassment and interrogation commenced on February 26, 2000, rather than January 26, 2000, as alleged in the second amended complaint on which this action is proceeding. In the state court complaint, plaintiff also alleges that he was improperly housed in a psychiatric unit and placed on psychiatric medication. (Id. at 1-2.) The state court complaint contains no allegations of excessive use of force, improper administration of prescribed medication, or inadequate medical treatment following the alleged overdose.

Defendants first argue that plaintiff may not pursue identical lawsuits simultaneously in state and federal court. (Defendants' Motion, at 3.) To support this argument, they contend that plaintiff has in effect removed his state action to federal court and that he is not permitted to do so. Plaintiff opposes this argument, contending that he is "pursuing separate

/////

claims arising from the same incidents." (Declaration in Opposition to Defendants' Motion to Dismiss, filed January 30, 2006, at 2.)

There is no evidence that plaintiff has attempted to remove his state court action to this court. There is no dispute, however, that both this action and the state court action are currently pending in the two respective forums. "Plaintiffs do not have the right actively to pursue parallel state and federal actions simultaneously." Ollie v. Riggin, 848 F. 1016, 1017 (9th Cir. 1988). Plaintiff is presently pursuing his claims of unlawful interrogation and improper placement in a psychiatric unit in both the state court action and this action. Under such circumstances, the federal court should stay the federal action until the parallel state action has concluded, at which point California's rules governing res judicata may properly be applied to this action. See id. Even though plaintiff has not tendered his other three claims involving excessive use of force, improper administration of prescribed medication, or inadequate medical treatment following the alleged overdose to the state court, the court will recommend this entire action be stayed pending final disposition of the state court proceedings in order to avoid piecemeal litigation of this action.

Defendants also contend that this entire action is barred by the statute of limitations. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.1999)). Plaintiff's claims in this action accrued between January 26, 2000 and August 2000. (See Second Amended Complaint, at 4-5.) At the time the claims accrued, the applicable statute of limitations for personal injury actions brought by individuals incarcerated at the time the cause of action accrued was one year plus two years of statutory tolling. Cal.Civ.Proc.Code §§ 340(3), 352.1.[1] On January 1, 2003, the state statute of limitations for

[1] The statutory tolling provision of § 352.1 applies to plaintiff's claims because he has been in custody continuously since his claims accrued, first as a pretrial detainee at the

assault, battery, and other personal injury claims became two years instead of one. Cal.Civ.Proc.Code § 335.1.

In Culbert v. Onley, 2005 WL 1836927 (July 28, 2005), a magistrate judge in this court found that the two year limitation period applied to claims that had accrued but not expired prior to its enactment. The court reasoned as follows:

> The historical and statutory notes to § 335.1 indicate that the two-year limitations period is to be applied retroactively only to victims of the events of September 11, 2001, and relying on those notes, at least one district court has held that the statute of limitations in effect at the time an action accrues, as opposed to the one in effect at the time it is filed, governs for purposes of a timeliness determination. See Abreu v. Ramirez, 284 F. Supp. 2d 1250, 1255-56 (C.D. Cal. 2003).
>
> Nonetheless, applying the two-year limitations period to [an as yet unexpired] claim is appropriate and does not amount to a retroactive application of § 335.1. Under California law, retroactive application of a limitations statute occurs only when such an application would revive a claim that had already been barred by the lapse of time. See Mudd v. McColgan, 30 Cal.2d 463, 468 (1947); Sanchez v. Workers' Comp. Appeals Bd., 217 Cal. App. 3d 346, 358, 266 Cal. Rptr. 21, 28 (1990); Gallo v. Superior Court, 200 Cal. App. 3d 1375, 1378, 246 Cal. Rptr. 587, 588 (1988). Thus, the extension of the statutory period within which an action must be brought "is generally held to be valid if made before the cause of action is barred." Douglas Aircraft Co., Inc. v. Cranston, 58 Cal. 2d 462, 465, 24 Cal. Rptr. 851, 854 (1962). See also Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004)("Under California law, an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations unless the Legislature explicitly provides otherwise.");(Thompson v. City of Shasta Lake, 314 F. Supp. 2d 1017, 1024 (E.D. Cal. 2004) ("Unless otherwise expressly excepted, a new statute which enlarges a statutory limitations period applies to matters that are not already barred by the original period at the time the new statute goes into effect.").

Culbert, slip op. at 3.[2] This court is persuaded by the analysis set forth in the Culbert findings and recommendations.

/////

Sacramento County Jail and then as a convicted felon in state prison.

[2] The findings and recommendations in Culbert were adopted in full by the district court on September 1, 2005.

Plaintiff's claims were not time-barred at the time the limitation period was extended. Plaintiff therefore had until at least January 26, 2004, and as late as August 2004, to file his claims. The instant action was filed on December 2, 2003.[3] It is therefore not barred by the statute of limitations.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' December 19, 2005 motion to dismiss this action for lack of jurisdiction and as time-barred be denied;

2. This action be stayed pending final disposition of the action filed by plaintiff in state court raising two of the five claims raised in this action;

3. The parties be directed to file a motion to lift the stay of this action not later than twenty days after final resolution of said state court action; and

4. The Clerk of the Court be directed to administratively close this action until further order of court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////

/////

/////

/////

/////

/////

/////

[3] That is the date on which plaintiff delivered his original complaint to prison officials for mailing to this court. See Proof of Service by Mail appended to original complaint. It is therefore treated as the date on which this action was filed. See Houston v. Lack, 487 U.S. 266 (1988).

"Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 5, 2006.

UNITED STATES MAGISTRATE JUDGE

12
nguy2635.mtd