IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAI NGUYEN,

      Plaintiff,                          No. CIV S-03-2635 FCD EFB P

    vs.

SACRAMENTO COUNTY, et al.,

      Defendants.              ORDER

                                  /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On June 5, 2008, plaintiff filed an affidavit for entry of default pursuant to Federal Rule of Civil Procedure 55(a). Rule 55(a) states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff's motion is denied, as the procedural history of this action demonstrates defendants' intent to "otherwise defend" this action.

        This action proceeds on plaintiff's second amended complaint, filed May 31, 2005. The court ordered the U.S. Marshal to serve defendants with plaintiff's second amended complaint on August 25, 2005. Thereafter, on December 19, 2005, defendants filed a motion to dismiss the second amended complaint on the grounds that: (1) the court lacked subject matter jurisdiction

because plaintiff had a similar action pending in state court; and (2) plaintiff's claims were barred by the applicable statute of limitations. On June 6, 2006, the court issued findings and recommendations recommending that defendants' motion to dismiss be denied. The court found that plaintiff's claims were not time barred, but in order to avoid piecemeal litigation, recommended that the action be stayed until the state proceeding had concluded. The court further instructed the parties to file a motion to lift the stay after resolution of the state court action. The district judge adopted the findings and recommendations in full on August 11, 2006. Subsequently, the parties filed motions to lift the stay in this action because the state court action was dismissed. On January 10, 2008, the court issued an order to lift the stay and reopen the case.

In their June 9, 2008 response to plaintiff's request for entry of default, defendants assert, in part, that entry of default is inappropriate because they "are now awaiting further order and instructions from the Court after an approximate one-year stay of these proceedings." Defs.' Resp. at 3. However, defendants need not look to the court for guidance on how to proceed, as Rule 12(a)(4) of the Federal Rules of Civil Procedure is instructive. It provides that if the court denies a motion filed pursuant to Rule 12, as it did here, "the responsive pleading must be served within 10 days after notice of the court's action," "[u]nless the court sets a different time." Assuming that the order denying defendants' motion to dismiss and staying this action alleviated defendants of their obligation to file a responsive pleading within 10 days thereof, Rule 12(a)(4) would at least require that defendants file a responsive pleading within 10 days after the court's January 10, 2008 order directing that this case be reopened.

Nevertheless, the fact that defendants previously filed a motion to dismiss evidences their intent to "otherwise defend this action" and renders plaintiff's request for entry of default inappropriate. *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993) ("it is generally held that challenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading'").

1   Accordingly, it is hereby ORDERED that the Clerk of the Court shall not enter
2 defendants' default.  It is further ORDERED that defendants' June 9, 2008 filing, hereby
3 construed as a request for an extension of time, is granted, and defendants are directed to file a
4 responsive pleading within 10 days of the date this order is filed.
5 DATED: June 10, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE