1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DAI NGUYEN,

11          Plaintiff,                    No. CIV S-03-2635 FCD EFB P

12      vs.

13  SACRAMENTO COUNTY, et al.,

14          Defendants.          FINDINGS AND RECOMMENDATIONS

15  _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17  U.S.C. § 1983.  Pending before the court is defendants' June 22, 2009 motion to dismiss this

18  action pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that plaintiff fails to state a claim

19  because this action is barred by *res judicata* and collateral estoppel.  For the reasons explained

20  below, the court finds that defendants' motion must be denied.

21  **I.      Background**

22          This action proceeds on plaintiff's second amended complaint, filed on May 31, 2005.

23  Dckt. No. 8.  Defendants previously moved to dismiss this action pursuant to Rule 12(b)(1), on

24  the ground that this court lacked jurisdiction over this action due to the pendency of an identical

25  action filed by plaintiff earlier in state court.  Dckt. No. 13.  This court denied the motion and

26  ordered the action stayed until the state action was concluded.  *See* Dckt. No. 22 (August 11,

1

2006 Order adopting June 6, 2006 Findings and Recommendations); Dckt. No. 18 (June 6, 2006

Findings and Recommendations) at 3 (citing *Ollie v. Riggin,* 848 F. 1016, 1017 (9th Cir. 1988)

for proposition that plaintiffs do not have the right to actively pursue parallel state and federal

actions simultaneously).

On October 10, 2007, the state court dismissed plaintiff's case, with prejudice, because

he failed to prosecute it within five years as required by California law. Defs.' Mot. to Dism.

("Mot."), at 4, Ex. D (Notice of Entry of Judgment) (granting defendants' unopposed motion to

dismiss pursuant to California Code of Civil Procedure sections 583.310 and 583.360 and

entering judgment on November 19, 2007).[1] This court lifted its stay on January 10, 2008, and

defendants now move to dismiss this action on the grounds that it is barred by the principles of

*res judicata* and collateral estoppel. Dckt. Nos. 26, 30.

**II.     Discussion**

Federal courts "are required to give state court judgments the preclusive effect they

would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir.

2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984)). In

California, *res judicata*, or claim preclusion, bars a second lawsuit between the same parties on

the same cause of action. *People v. Barragan*, 32 Cal.4th 236, 252 (2004). Collateral estoppel,

or issue preclusion, bars the relitigation of issues that were actually litigated and determined in

the first action. *Id.* at 252-53. The elements for applying either claim preclusion or issue

preclusion to a second action are the same: "(1) A claim or issue raised in the present action is

identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a

---

[1] Pursuant to California Code of Civil Procedure section 583.310, "[a]n action shall be brought to trial within five years after the action is commenced against the defendant," and pursuant to section 583.360:

> (a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article.
> (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute.

1     final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a

2     party or in privity with a party to the prior proceeding." *Id.* at 253 (internal quotations omitted).

3          As noted, the state court dismissed plaintiff's first action for delay in prosecution. *See*

4     Mot. at 4, Ex. D. Defendants' assertion that the state court judgment constitutes an adjudication

5     on the merits for purposes of *res judicata* and collateral estoppel is premised on federal law. *See*

6     Mot. at 6 (citing *United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 884-85 (9th Cir.

7     1997)). However, this court must apply the standard used to analyze the preclusive effect of

8     prior *state* judgments, not prior *federal* judgments. *Brodheim*, 584 F.3d at 1268. In California, a

9     dismissal for failure to prosecute is not a "final judgment on the merits." *Lord v. Garland*, 27

10     Cal. 2d 840, 850 (1946) (judgment dismissing prior action for "want of prosecution" is not one

11     upon the merits and does not bar a subsequent action upon the same cause); *Gonsalves v. Bank of*

12     *America Nat'l Trust & Sav. Ass'n*, 16 Cal. 2d 169, 173 (1940) ("[I]t is a fundamental rule that a

13     judgment is not *res judicata* unless it is on the merits, and a dismissal for delay in prosecution is

14     not."); *Franklin Capital Corp. v. Wilson*, 148 Cal.App.4th 187, 215 n.33 (2007), *review denied*

15     2007 Cal LEXIS 6307 (June 13, 2007) ("The very definition of res judicata contemplates a

16     judgment on the merits, and dismissals for lack of prosecution under . . . [section 583.310] are

17     not on the merits."); *Ashworth v. Mem'l Hosp.*, 206 Cal.App.3d 1046, 1053 (1988) (same);

18     *Mattern v. Carberry*, 186 Cal.App.2d 570, 572 (1960) (same). Therefore, the state court's

19     dismissal was not a "final judgment on the merits" for purposes of preclusion and defendants'

20     motion must be denied on this basis.

21          That the state court dismissed the action with prejudice does not alter this court's

22     analysis. *See Gagnon Co. v. Nevada Desert Inn, Inc.*, 45 Cal. 2d 448, 455 (1955) ("[A] mere

23     statement that a judgment of dismissal is 'with prejudice' is not conclusive. It is the nature of

24     the action and the character of the judgment that determines whether it is res judicata.").

25     ////

26     ////

1  Accordingly, it is hereby RECOMMENDED that defendants' June 22, 2009 motion to

2  dismiss be denied, and defendants be directed to file an answer within thirty days of any order

3  adopting these findings and recommendations.

4  These findings and recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

10  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11  Dated:  February 12, 2010.

12  

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE