1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAI NGUYEN,

11           Plaintiff,                    No. CIV S-03-2635 FCD EFB P

12       vs.

13   SACRAMENTO COUNTY, et al.,

14           Defendants.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This action proceeds on plaintiff's May 31, 2005 second amended complaint

18   against defendants Sacramento County, Lou Blanas, and Sacramento Health Department

19   ("defendants").  *See* Dckt. Nos. 8, 9.  Defendants move for summary judgment.  Dckt. Nos. 39,

20   40.  Plaintiff filed an opposition; defendants filed a reply.[1]  Dckt. Nos. 41, 42.  As explained

21   below, the court finds that defendants are entitled to summary judgment as a matter of law, and

22   therefore recommends that their motion be granted.

23   ───────────────

24       [1] With his opposition, plaintiff purports to file a cross-motion for summary judgment.
     Dckt. No. 41.  Pursuant to the May 4, 2010 discovery and scheduling order, all dispositive
     motions had to be filed on or before October 29, 2010.  Dckt. No. 36.  Plaintiff's motion, dated
25   November 3, 2010, and filed November 8, 2010, is untimely, and no good cause exists for
     modification of the scheduling order.  Accordingly, plaintiff's motion, which also fails to comply
26   the requirements of Local Rule 260(a), will not be considered by the court.

1    **I.       Summary Judgment Procedure**

2         Summary judgment is appropriate when there is "no genuine dispute as to any material

3    fact and [ ] the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

4    Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the

5    facts relevant to the determination of the issues in the case, or in which there is insufficient

6    evidence for a jury to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*,

7    523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw.*

8    *Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a

9    summary judgment motion asks "whether the evidence presents a sufficient disagreement to

10   require submission to a jury or whether it is so one-sided that one party must prevail as a matter

11   of law.

12         The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

13   or defenses.  *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to

14   "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

15   trial.'"  *Matsushit*a, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on

16   1963 amendments).  Procedurally, under summary judgment practice, the moving party bears the

17   initial responsibility of presenting the basis for its motion and identifying those portions of the

18   record, together with affidavits, if any, that it believes demonstrate the absence of a genuine

19   issue of material fact.  *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th

20   Cir. 2001) (en banc).  If the moving party meets its burden with a properly supported motion, the

21   burden then shifts to the opposing party to present specific facts that show there is a genuine

22   issue for trial.  Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Auvil v.*

23   *CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

24         A clear focus on where the burden of proof lies as to the factual issue in question is

25   crucial to summary judgment procedures.  Depending on which party bears that burden, the party

26   seeking summary judgment does not necessarily need to submit any evidence of its own. When

the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex v. Cattret*, 477 U.S. 317, 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). *Id.* at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law, *id.*, which here involves plaintiff's allegations of abuse and excessive force during his detention and questioning at the Sacramento County jail, and his claims of inadequate medical treatment at the jail. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322.

////

1    Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

2    the court must again focus on which party bears the burden of proof on the factual issue in

3    question.  Where the party opposing summary judgment would bear the burden of proof at trial

4    on the factual issue in dispute, that party must produce evidence sufficient to support its factual

5    claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

6    *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).  Rather, the opposing party must, by affidavit

7    or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

8    for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

9    demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

10   that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson v.*

11   *Liberty Lobby, Inc*., 477 U.S. at 248, 252.  Absent any such evidence there simply is no reason

12   for trial.

13   The court does not determine witness credibility.  It believes the opposing party's

14   evidence, and draws inferences most favorably for the opposing party.  *See Anderson*, 477 U.S.

15   at 249, 255;  *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air,"

16   and the proponent must adduce evidence of a factual predicate from which to draw inferences.

17   *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski,

18   J., dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material

19   facts at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439,

20   441 (9th Cir. 1995).  On the other hand,"[w]here the record taken as a whole could not lead a

21   rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"

22   *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant summary

23   judgment.

24   Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

25   show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

26   as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

4

1 | 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).  If the evidence

2 | presented and any reasonable inferences that might be drawn from it could not support a

3 | judgment in favor of the opposing party, there is no genuine issue.  *Celotex Corp. v. Catrett*, 477

4 | U.S. at 323.  Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that

5 | is determinative of the outcome of the case.

6 |       On August 25, 2005, the court advised plaintiff of the requirements for opposing a

7 | motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154

8 | F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v.*

9 | *Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

10 | **II.**     **Plaintiff's Allegations**[2]

11 | Plaintiff claims that his constitutional rights were violated during a period of
12 | incarceration at the Sacramento County Jail by use of improper interrogation
     tactics, involuntary mental health treatment, and inadequate medical care. . . .

13 | The action at bar is predicated on a series of events that plaintiff alleges occurred
14 | between December 1999 and December 2000 while plaintiff was a pretrial
     detainee at the Sacramento County Jail. (Second Amended Complaint, filed May
15 | 31, 2005, at 6.) In the first series of allegations, plaintiff contends that beginning
     on January 26, 2000, sheriff's deputies used an intercom in plaintiff's cell to
16 | "threaten, intimidate, and interrogate him regarding his criminal case." (*Id.* at 6.)
     The harassment continued through August 2000. (*Id.* at 7.) During a February
17 | 2000 appearance in state court, the state court judge referred to illegal recording
     made by sheriff's deputies but took no steps to stop the illegal conduct. (*Id.* at 7.)
18 | Plaintiff's second series of allegations involve alleged involuntary confinement in
     a psychiatric unit at the jail. (*Id.* at 8.) The third series of allegations involve
19 | alleged "misuse of force" to administer involuntary medication to plaintiff. (*Id.* at
     9.) Fourth, plaintiff alleges inadequate medical care through improper
20 | administration of prescribed medication, leading to an overdose by plaintiff. (*Id.*
     at 10- 11.) Finally, plaintiff claims that he was denied proper medical care after
     the alleged overdose. (*Id.* at 11-12.)

21 |

22 | Dckt. No. 18 at 1-2

23 | ////

24 | ////

25 |

26 |     [2] This summary of plaintiff's allegations is taken from the court's June 6, 2006 findings
and recommendations. *See* Dckt. No. 18.

1 **III.    Discussion**

2       Plaintiff names as defendants the County of Sacramento, the Sacramento [County] Health

3 Department, and the former Sacramento County Sheriff Lou Blanas.  Plaintiff asserts claims

4 against these defendants under 42 U.S.C. § 1983 for alleged constitutional violations.  He

5 purports to sue defendants in their individual and official capacities.  Dckt. No. 8 at 5.[3]

6 Defendants move for summary judgment, arguing (1) that the individual capacity claims against

7 Blanas fail because there is no allegation that Blanas was personally involved in the incidents at

8 issue; and (2) that all remaining claims fail because plaintiff has produced no evidence of any

9 custom, policy or practice by the defendants that violated plaintiff's constitutional rights.[4]  *See*

10 Dckt. No. 39 at 11-13 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691

11 (1978)).

12       Plaintiff opposes the motion for summary judgment, arguing that he "is suing the

13 defendants as a public entity, not as a municipal," and that his complaint states a "policy,

14 custom, or practice implemented on plaintiff."  Dckt. No. 41 at 2.  Plaintiff argues that during the

15 "time of the facts of the complaint [he] was forced medicated through Judge Chang, court order,

16 and jail officials[, which] is considered a policy, custom or practice . . . ."  *Id.* at 3.  Plaintiff also

17 states he "filed an administrative grievance . . . making Lou Blanas, the Sheriff of Jail, liable for

18 all actions the plaintiff suffered while incarcerated at the County Jail."  *Id.*

19 ////

20

21     [3] The page numbers cited herein are those assigned by the court's electronic docketing
22 system and not those assigned by plaintiff.

23     [4] Defendants also contend that (1) they cannot be liable for the acts of judges, which are
protected by judicial immunity; (2) unnamed individuals responsible for administering
24 psychiatric medications pursuant to a court order would be entitled to qualified immunity; (3)
allegations that jail staff harassed plaintiff over the jail's intercom system are insufficient to state
25 a § 1983 claim; (4) defendants cannot be held liable for violations of the Fifth Amendment; and
(5) Blanas is entitled to qualified immunity.  *See* Dckt. No. 39.  However, as explained below,
26 because defendants are entitled to summary judgment on alternative grounds, these arguments
need not be addressed.

1    In their reply, defendants argue that plaintiff's opposition contains no evidence to

2 overcome defendants' undisputed material facts, and specifically, that plaintiff has presented no

3 evidence to support his allegation of a custom, policy or practice by defendants.  Defendants

4 contend the undisputed material facts clearly demonstrate that plaintiff cannot establish liability

5 under *Monell* as a matter of law.  *See* Dckt. No. 42.

6    **A.    Individual Capacity Claims Against Blanas**

7    In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation

8 of a federal constitutional or statutory right; and (2) that the violation was committed by a person

9 acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v.*

10 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

11 rights claim unless the facts establish the defendant's personal involvement in the alleged rights

12 deprivation, as there is no respondeat superior liability under section 1983.  *Jones*, 297 F.3d at

13 934.  That is, plaintiff may not sue any official on the theory that the official is liable for the

14 unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

15 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must

16 plead that each Government-official defendant, through the official's own individual actions, has

17 violated the Constitution."  *Id.*   To be held liable, "the supervisor need not be directly and

18 personally involved in the same way as are the individual officers who are on the scene inflicting

19 constitutional injury."  *Starr v. Baca*, 633 F.3d 1191, 1194-95 (9th Cir. 2011) (quotations

20 omitted).  Rather, the supervisor's participation and resulting liability could be based upon the

21 supervisor's knowledge of and acquiescence in unconstitutional conduct by others.  *Id.* at 1196.

22    Plaintiff's complaint contains no allegations regarding Blanas' personal involvement in

23 violating any of plaintiff's constitutional rights.  *See* Dckt. No. 8.  Nor does the complaint allege

24 that Blanas had knowledge of or acquiesced in any unconstitutional conduct.  *See id.*  While the

25 complaint refers to the "actions of Lou Blanas and subordinates under his control," it does not

26 identify with any particularity the alleged "actions" taken by Blanas.  *See id.* at 13-14.  Plaintiff

7

1   suggests in his opposition that Blanas should be liable for plaintiff's alleged injuries because

2   plaintiff filed an administrative grievance.  Dckt No. 41 at 3.  Plaintiff does not describe the

3   nature of this administrative grievance or state whether Blanas was responsible for reviewing the

4   grievance.  Moreover, any arguments made in plaintiff's unsworn opposition are not supported

5   by evidence.  Plaintiff's mere assertion of filing an administrative grievance is insufficient to

6   raise an inference that Blanas had knowledge of and acquiesced in unconstitutional conduct by

7   others.  Plaintiff also admitted in his deposition that he sued Blanas because Blanas was the head

8   of the county jail, and that Blanas was not personally involved in violating his rights.  Dckt. No.

9   39, Defs.' Stmt. of Undisp. Facts ("SUF") 2.[5]  In light of this record, defendants' motion for

10  summary judgment must be granted as to this claim.

11         **B.      Claims Against Sacramento County, Sacramento Health Department and
                     Blanas in his Official Capacity**

12

13         "Municipalities and other local government units. . .[are] among those persons to whom

14  § 1983 applies."  *Monell*, 436 U.S. at 690.  However, a municipal entity, such as Sacramento

15  County or its departments, is liable under § 1983 only if plaintiff shows that his constitutional

16  injury was caused by employees acting pursuant to the municipality's policy or custom.[6]  *See*

17  *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (citing *Monell* 436

18  U.S. at 690-94).  Federal claims against municipal defendants in their official capacities must

19  also identify a government policy or practice, because an official capacity suit against a

20  municipal defendant in his official capacity is nothing more than a suit against the county itself.

21

22         [5] Plaintiff neither admitted nor denied the facts set forth by defendants as undisputed as
23  required by Local Rule 260(b).  Nor did plaintiff otherwise produce any evidence to contradict
    defendants' version of the facts.

24         [6] In his opposition, plaintiff claims to be suing defendants as "public entities."  Dckt. No.
25  41 at 1. For present purposes, this is a distinction without a difference, as a county and its
    departments may be both a public entity and a "municipality" or "other local government unit."
26  *See Monell*, 436 U.S. at 690; Cal. Gov't Code § 811.2 (defining "public entity" to include a
    county, public agency or "any other political subdivision or public corporation in the State.").

1   *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2 (1997).  Thus, in order for plaintiff to

2   proceed on his claims against Sacramento County, the Sacramento Health Department, and

3   Blanas in his official capacity, plaintiff must show that their specific policies and practices were

4   the moving forces behind the alleged violations of plaintiff's constitutional rights.  *See Gibson v.*

5   *County of Washoe*, 290 F.3d 1175, 1185-86, 1193-94 (9th Cir. 2002) .

6          "[T]here are three ways to show a policy or custom of a municipality: (1) by showing a

7   longstanding practice or custom which constitutes the standard operating procedure of the local

8   government entity; (2) by showing that the decision-making official was, as a matter of state law,

9   a final policymaking authority whose edicts or acts may fairly be said to represent official policy

10  in the area of decision; or (3) by showing that an official with final policymaking authority either

11  delegated that authority to, or ratified the decision of, a subordinate."  *Villegas*, 541 F.3d at 964

12  (internal quotations omitted).

13         In his complaint, plaintiff alleges that Sacramento County has an "ineffective policy" for

14  "preventing and reporting" employee misconduct, and for appealing the decision of "force[d]

15  medication."  Dckt. No. 8 at 13.  In his opposition, plaintiff refers the court to these allegations.

16  Dckt. No. 41 at 2.  However, plaintiff does not submit any evidence to support these allegations,

17  or otherwise show that a defendant's policy or practice was the "moving force" behind the

18  alleged violations of his constitutional rights.   Plaintiff admitted in his deposition that he could

19  not identify any custom, policy or practice of the defendants that violated his constitutional

20  rights.  SUF 10.  Simply put, plaintiff has not produced any evidence to show that defendants are

21  liable for his alleged injuries, and certainly has not produced evidence upon which a reasonable

22  jury could render a verdict in his favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.

23  Accordingly, defendants' motion for summary judgment must be granted as these claims.

24  **IV.    Conclusion**

25         The court finds that defendants have shown there is no genuine dispute for trial.  They

26  should therefore be entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a), (c)(1)(B).

9

1    Accordingly, it is hereby RECOMMENDED that:

2    1. Defendants' October 29, 2010 motion for summary judgment be granted;

3    2. Judgment be entered in defendants' favor; and

4    3. The Clerk of the Court be directed to close this case.

5    These findings and recommendations are submitted to the United States District Judge

6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7  after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

11  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12  Dated:  August 30, 2011.

13

14  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26